## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

DANIEL SMITH                                                    PETITIONER
ADC #140206

V.                      No. 4:21-CV-794-JTR
                (Related Case: No. 5:08-CV-288-SWW)

DEXTER PAYNE, Director,
Arkansas Division of Correction                                RESPONDENT

## MEMORANDUM OPINION[1]

### I.  Background

On September 7, 2021, Petitioner Daniel Smith ("Smith"), an inmate currently

incarcerated at the Varner Supermax Unit of the Arkansas Department of

Corrections, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

*Doc. 1*.

After conducting an initial review of Smith's habeas Petition, I determined

that this is Smith's second § 2254 habeas action challenging his 2007 state

conviction for first-degree murder.[2] Although it appeared from the face of the

---

[1] The parties consented to the jurisdiction of United States Magistrate Judge. *Doc. 18*.

[2] A federal court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases in United States District Courts; 28 U.S.C. § 2243. As part of this initial review, a federal court is also obligated to decide whether it has subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010)("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

Petition that it constituted a "second or successive application," I ordered service of the Petition because Smith alleged enough facts for the Court to believe that Smith *might have* received a "new intervening judgment" and, thus, not been subject to the limitations surrounding a "second or successive application." *Doc. 4* (citing *Magwood v. Patterson*, 561 U.S. 320 (2010)).

On October 18, 2021, Respondent Payne filed a Motion to Dismiss and Brief in Support arguing that Smith had *not* received a "new intervening judgment" and that the "second or successive" Petition should be dismissed for lack of jurisdiction. *Doc. 10; Doc. 11*. In response, Smith filed a "Motion to Clarify, Motion to Extend Time and Evidence," in which he acknowledges that he "went through the wrong/incorrect steps/channels" to pursue his requested relief. *Doc. 17*. He asks for "more time" and "instructions" on how to "proceed correctly." *Id.*

For the reasons discussed below, the Court grants Respondent Payne's Motion to Dismiss (*Doc. 10*) and, because the Court lacks jurisdiction over this action, Smith's habeas Petition (*Doc. 1*) is dismissed, without prejudice, and Smith's "Motion to Clarify, Motion to Extend Time" (*Doc. 17*) is denied.

## II. Discussion

On October 22, 2007, Smith pleaded guilty in Pulaski County District Court to a first-degree murder committed when he was seventeen years old. *Smith v. Norris*, No. 5:08-CV-288-SWW (E.D. Ark.) ("*Smith I*"), *Doc. 13-3*; Docket Sheet,

*State v. Daniel Jamual Smith*, 46CR-05-651 (Miller Co., Ark.). He was sentenced to

life in prison.[3] He did not seek postconviction relief in state court. In *2009*, his first

§ 2254 habeas action in *Smith I* was dismissed, with prejudice. United States District

Judge Susan Webber Wright held that all of Smith's claims were procedurally

defaulted. *Smith I*, *Docs. 17, 20-21*.

In 2012, the United States Supreme Court held that *mandatory* life-without-

parole sentences for juvenile homicide offenders violated the Eighth Amendment's

prohibition on cruel and unusual punishment. *Miller v. Alabama*, 567 U.S. 460

(2012). According to Respondent, following the *Miller* decision, Arkansas juvenile

offenders with *mandatory* life-without-parole sentences had their sentences vacated

in state habeas proceedings, "followed by plenary resentencing proceedings" that

arguably resulted in a "new intervening judgment" under *Magwood*. 561 U.S. 320

(holding a habeas petition challenging a "new intervening judgment" is *not* a second

or successive application).

However, as Respondent Payne points out, Smith did *not* receive a plenary

resentencing hearing in state court because his life-without-parole sentence was not

*mandatory*. Instead, Smith's first-degree murder conviction was punishable by 10 to

40 years *or* life. See Ark. Code Ann. § 5-10-102(c) (2007) ("Murder in the first

---

[3] Importantly, Smith did *not* receive a *mandatory* life without parole sentence. Instead, the trial court had the discretion to sentence Smith to 10 to 40 years' imprisonment *or* life. *See Smith I*, *Doc. 13-5 at 3–4, 19.*

degree is a Class Y felony); Ark. Code Ann. § 5-4-401(a)(1) (2007) ("For a Class Y

felony, the sentence shall be not less than ten (10) years and not more than forty (40)

years, or life.").[4]

Because Smith was not entitled to and did not receive a plenary resentencing

hearing in state court, his pending § 2254 Petition is challenging the *same* judgment

as his prior § 2254 action, *not* a "new intervening judgment." His application is,

therefore, "second or successive."

Only the Eighth Circuit has the authority to permit Smith to file a successive

§ 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive

application permitted by this section is filed in the district court, the applicant shall

move in the appropriate court of appeals for an order authorizing the district court to

consider the application.").

Unless and until Smith obtains the required authorization from the Eighth

Circuit, this Court lacks subject matter jurisdiction over this action. *Burton v.*

*Stewart*, 549 U.S. 147, 152–53, 157 (2007) (absent prior authorization, district court

lacks jurisdiction to entertain a "second or successive" § 2254 habeas petition).

---

[4] As part of his plea bargain, Smith's original charge of capital murder was amended to first-degree murder. *Smith I, Doc. 13-5 at 3–4*. At the time, capital murder was punishable by death or life without the possibility of parole, regardless of the age of the offender. Compare Ark. Code Ann. 5-10-101(c)(1) (2007) ("Capital murder is punishable by death or life imprisonment without parole") with Ark. Code Ann. 5-10-101(c)(1)(B) (2022) ("Capital murder is punishable as follows:…If the defendant was younger than eighteen (18) years of age at the time he or she committed the capital murder, life imprisonment with the possibility of parole after serving a minimum of thirty (30) years' imprisonment.").

## III.  Conclusion

Because Smith did not obtain the required permission from the Eighth Circuit Court of Appeals *before* he initiated this "second or successive" habeas Petition, the Court lacks jurisdiction over this habeas action.

IT IS THEREFORE ORDERED THAT:

1.      Respondent Payne's Motion to Dismiss (*Doc. 10*) is GRANTED.

2.      All claims asserted in Petitioner Smith's 28 U.S.C. § 2254 Petition (*Doc. 1*) are DENIED, and this case is DISMISSED, without prejudice.

3.      Smith's pending Motion (*Doc. 17*) is DENIED.

4.      A Certificate of Appealability is DENIED. See 28 U.S.C. § 2253(c)(1)-(2);  Rule 11(a) of the Rules Governing Section 2254 Cases.

DATED this 28th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE